```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
United States of America,

                                              CR-04-410 (CPS)

        - against -                           MEMORANDUM
                                              OPINION
Gerard Cavera,                                AND ORDER

                Defendant.

----------------------------------------X
```

SIFTON, Senior Judge.

Gerard Cavera ("petitioner") pled guilty on November 24, 2004 to conspiring to deal in and transport firearms in violation of 18 U.S.C. § 922(a)(1)(A)&(5). On July 28, 2005, I sentenced petitioner to a term of incarceration of 24 months, three years of supervised release, and a fine of $60,000.00. The term of imprisonment and the fine were greater than the applicable advisory Sentencing Guidelines ranges. I stayed the imposition of the sentence pending an appeal to the Court of Appeals, which upheld the sentence after an *en banc* review. On August 3, 2009, the Second Circuit issued a mandate. Now before the Court is a motion by petitioner to reconsider his sentence based on the Court's "inherent equitable authority to do so." P. Mem. at 2. For the reasons stated herein, the motion is denied.

## BACKGROUND

Familiarity with the facts underlying petitioner's

conviction is assumed. *See United States v. Lucania*, 379 F. Supp. 2d 288 (E.D.N.Y. 2005) (sentencing memorandum).

Petitioner pled guilty to conspiring to transport guns from Florida to New York City. Based on petitioner's base offense level and characteristics of his crime, the sentence recommended by the Sentencing Guidelines was twelve to eighteen months. Prior to sentencing, petitioner moved for a downward departure on the grounds that he and his wife were both in ill health, and that his wife's condition required his presence. In a sentencing memorandum filed July 28, 2005, I determined that this was not an "especially compelling circumstance" warranting a downward departure, because a "family circumstance" departure is generally inappropriate where other relatives can meet the family's needs. *See Luciana*, 379 F. Supp. 2d. at 293 (quoting *United States v. Selioutsky*, 409 F.3d 114, 119 (2d Cir. 2005)). I found that petitioner had five adult children living in the State of New York and that he and his wife had assets worth in excess of $1 million, sufficient to assure that adequate care would be provided to petitioner's wife. *Id*. I further determined that petitioner's health was not especially poor, as his ailments were not extreme or unusual, and there was no evidence that the Bureau of Prisons was not equipped to deal with them. *Id*. (citing *United States v. Martinez*, 207 F.3d 133, 139 (2d Cir. 2000)).

After declining to grant a downward departure, I found that,

due to the seriousness of the offense of trafficking guns into the highly populated metropolitan area of New York City, and the need to deter the trafficking of weapons from states with lax gun laws to states with strict gun laws, a non-Guidelines sentence was warranted. *See Luciana*, 379 F. Supp. 2d at 293-96. I subsequently sentenced petitioner to twenty four months of incarceration. On appeal before a panel of three judges, the Court of Appeals affirmed my denial of a request to sentence petitioner below the Guidelines range, vacated the sentence I imposed above the Guidelines range, and remanded for resentencing within the Sentencing Guidelines range. *See United States v. Cavera*, 2007 U.S. App. LEXIS 13003 (2d Cir. June 6, 2007). Following a rehearing *en banc*, the Court of Appeals vacated the decision of the panel and affirmed the sentence I imposed. *United States v. Cavera*, 550 F.3d 180 (2d Cir. 2008). On August 3, 2009, the Court of Appeals issued a mandate.

On August 5, 2009, petitioner filed this motion to reduce his sentence. Petitioner states that he is "unaware of a statutory procedural vehicle" for requesting reconsideration, but requests that this Court exercise its "inherent equitable authority" to do so. P. Mem. at 2. Petitioner's memorandum in support of his motion purports to set forth "significant facts, not adduced in previous proceedings." D. Mem. at 2. However, the memorandum fails to set forth any facts whatsoever, other than to

say that petitioner is 76 years old. Petitioner has attached letters from his five children and his wife, each stating that petitioner has suffered much in the five years since I stayed the imposition of his sentence, and further stating that Mrs. Cavera is unable to live alone and would suffer if petitioner were to be incarcerated. Mrs. Cavera lives in Florida, and the children live in New York.

On August 7, 2009, I ordered that petitioner surrender to a facility designated by the Bureau of Prisons on September 14, 2009.

## DISCUSSION[1]

Federal law generally prohibits the District Court from modifying a term of imprisonment. *See Cortorreal v. United States*, 486 F.3d 742, 744 (2d Cir. 2007). 18 U.S.C. § 3582(c) sets out limited exceptions to this rule, none of which is applicable here.[2] There is no general exception for equitable

---

[1] Although petitioner styles his motion as a "Motion for Reconsideration," I treat it as a motion for reduction of sentence, given that the deadline for filing a motion for reconsideration pursuant to Local Rule 6.3 has long passed, and petitioner has subsequently appealed the sentencing memorandum upon which his request for reconsideration is based.

[2] Exceptions include: (1) when the Bureau of Prisons makes a motion for reduction of sentence in a case where the defendant is at least 70 years of age and has served 30 years in prison; (2) when Rule 35 of the Federal Rules of Criminal Procedure permits; and (3) when the Sentencing Commission lowers the sentencing range after a sentencing. *See* 18 U.S.C. § 3582(c). Rule 35 provides that a sentence may be reduced (1) within 7 days of sentencing, in order to correct a clear error; and (2) upon the government's motion made within one year of sentencing, when the defendant has provided substantial assistance to the government. Fed. R. Crim. Pro. 35.

considerations. I am thus without authority to provide the requested relief.[3]

In any event, petitioner does not present evidence suggesting the necessity for equitable relief. In my sentencing memorandum, I considered and rejected the argument that the ill health of petitioner and his wife warranted a reduction in sentence, noting that the Caveras have five grown children who can care for Mrs. Cavera. In her letter to the Court pursuant to this motion, Mrs. Cavera states that it would be a burden for her to move to New York to join her children due to the fact that her doctors are in Florida and she cannot travel alone. There is no indication that New York State lacks doctors who can care for Mrs. Cavera properly, nor is there any indication that it would be impossible for one of her children to assist in her move, if indeed a move is necessary.

---

[3] Petitioner cites two cases in support of his equitable jurisdiction theory, neither of which is applicable. The first, *Hecht v. Bowles*, 321 U.S. 321 (1944), concerned the propriety of an injunction issued against defendant retail store for setting prices too high, in violation of the Emergency Price Control Act of 1942. Petitioner quotes a passage in which the Court stated that "[a]n appeal to the equity jurisdiction conferred on federal district courts is an appeal to the sound discretion which guides the determinations of courts of equity... Flexibility rather than rigidity has distinguished it." *Id*. at 329. Even if the case were applicable to the one at hand, *Hecht* precedes the modern sentencing schema by several decades, and thus does not authorize this Court to ignore controlling Federal statutes. The second case, *Garcia v. Teitler*, 443 F.3d 202 (2d Cir. 2006), was an appeal brought by a lawyer who was ordered to return retainer fees paid by two criminal defendants when the court determined that he had a conflict and could not represent both of them. The Second Circuit held in *Garcia* that the 1990 codification of supplemental jurisdiction in 28 U.S.C. § 1367 did not eliminate ancillary criminal jurisdiction. The existence of ancillary criminal jurisdiction has no bearing on this case.

## CONCLUSION

For the reasons stated herein, the motion for reduction of sentence is denied. The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.

SO ORDERED.

Dated:   Brooklyn, New York
         August 19, 2009

                By: /s/ Charles P. Sifton (electronically signed)
                          United States District Judge